IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SABA ADHAL,<br><br>    Plaintiff,<br><br>v.<br><br>MARY HYNES DANIELAK,<br>PSY.D., P.C. and MARY HYNES<br>DANIELAK,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

COMES NOW, Plaintiff Saba Adhal, by and through her undersigned counsel, and hereby brings this action against Defendants Mary Hynes Danielak, PSY.D., P.C. ("Defendant Corporation"), and Mary Hynes Danielak ("Defendant Danielak"), and alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff Saba Adhal ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") of 1983, as amended, 29 U.S.C. § 201 et seq., and state law, alleging that (1) Defendants willfully failed to pay Plaintiff Adhal minimum wage for all hours worked as well as overtime wages for all hours

1

worked in excess of forty (40) hours per week; and that (2) Defendant Corporation breached a written agreement when it failed to compensate Plaintiff Adhal in accord with the agreement's terms.

2.	As a result of Defendants' failure to comply with FLSA's mandatory precepts and their contractual obligations, Defendants are liable, jointly and severally, to Plaintiff Adhal for all unpaid minimum and overtime wages, an equal amount of liquidated damages, reasonable costs and attorneys' fees.

3.	Defendant Corporation is liable for breaching its contract with Plaintiff in an amount equal to unpaid fees and expectation damages.

## PARTIES

4.	Plaintiff Saba Adhal is a citizen of Georgia who resides in Alpharetta, Georgia.

5.	Defendant Corporation is a professional corporation organized and existing under the laws of the State of Georgia, with its principle place of business at 314 Maxwell Road, Suite 400, Alpharetta, Georgia 30004-2045.

6.	Defendant Danielak is Chief Executive Officer, Chief Financial Officer, and owner of Defendant Corporation.

7.	Defendant Danielak is the registered Agent for Defendant Corporation.

8. Defendant Corporation may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Defendant Danielak, who is located at 314 Maxwell Road, Suite 400, Alpharetta, Georgia 30004-2045.

9. Defendant Danielak may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Danielak may be served with process by leaving a copy of the summons and complaint with someone of "suitable age and discretion" residing at her home address. Fed.R.Civ.P. 4.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

11. Defendant Corporation is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it is a citizen of the forum state.

12. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because both Defendants reside within the District and Division.

13. Defendants employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

14. On information and belief, at all times relevant, Defendant Corporation has had an annual gross volume of sales made or business done in excess of $500,000.00.

## **FACTUAL ALLEGATIONS SHOWING THAT DEFENDANT DANIELAK IS AN EMPLOYER UNDER THE FLSA**

15. At all times relevant, Defendant Danielak qualified as an "employer" as defined by 29 U.S.C. § 203(d).

16. At all times relevant, Defendant Danielak owned and operated, and continues to operate Corporate Defendant, which has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

17. At all times relevant, Defendant Danielak exercised day to day control over the affairs of Defendant Corporation including: approving promotions and raises; hiring and discharging employees; and establishing other terms and conditions of employment.

18. Defendant Danielak directly and indirectly controls, determines, and directs the day-to-day operations of Defendant Corporation.

19. Defendant Danielak directly and indirectly sets Defendant Corporation's payroll, compensation, scheduling, and other employment policies.

20. Defendant Danielak had the power to hire and fire Plaintiff.

21. Defendant Danielak directly supervised and controlled work schedules and other terms of Plaintiff's employment.

22. For example, Defendant Danielak determined the rate and method of payment for Plaintiff.

23. Defendant Danielak has the ultimate power to make binding policy decisions for Corporate Defendant.

## FACTUAL ALLEGATIONS COMMON TO EACH COUNT

24. Plaintiff was employed by Defendants from approximately November 2, 2011, to February 12, 2012, as a Post-Doctoral Fellow.

25. Defendant Corporation primarily engages in the counseling and therapy of individuals suffering depressive and anxiety disorders, including major depression, generalized anxiety, and obsessive-compulsive disorder.

26. Defendant Danielak employs and supervises post-doctoral level graduates in the assessment and evaluation of school-age students that experience learning issues such as attention-deficit/hyperactivity disorder and dyslexia.

27. Defendant Danielak engaged Plaintiff in an employment relationship.

28. The parties' employment relationship was memorialized by written Agreement dated October 3, 2011.

29. In relevant part, the agreement provided that Plaintiff: (1) was an independent contractor; (2) would receive one-hour of supervision per every 30 hours of clinical work and $300 per every two psycho-educational testing sessions and written report.

30. The agreement further stated that "there may be administrative work needed in the area of testing, Cogmed, research, and general office administration which [would] not be paid…."

31. The agreement further stated that either party could terminate the Agreement at any time by providing notice sixty (60) days in advance and that Plaintiff was required to notify Defendant Danielak of any ethical dilemmas.

32. Lastly, following the termination of their employment relationship, Plaintiff was restricted for two years from practicing within a 5-mile radius of Defendant's principle place of business.

33. A true and correct copy of the one (1) page Agreement dated October 3, 2011, is attached hereto as Exhibit A.

34. Under the direct supervision of Defendant Danielak, Plaintiff conducted assessments and testing for Attention Deficit Hyperactivity Disorder (ADHD), dyslexia, and math-related disabilities.

35. Plaintiff conducted the following tests with each child that she was assigned: Wechsler Intelligence Scale for Children; Wechsler Individual Achievement Test, Test of Word Reading Efficiency; Gray Oral Reading, Test of Phonological Processing and a Cognitive Assessment System.

36. These tests were conducted to assess whether a particular school-aged student had a learning disability.

37. Plaintiff had no discretion to choose which test was conducted and how many tests were performed per child.

38. Testing included 5-8 hours of a one-to-one session per child.

39. During each testing session, Plaintiff asked predetermined questions, posed a series of role playing scenarios, and had the children perform tasks.

40. Each test revealed information regarding a child's potential for a learning disability.

41. Directly related to Plaintiff's obligation to conduct testing sessions was the duty to score the tests.

42. The process of scoring tests did not require Plaintiff to exercise her independent judgment.

43. Plaintiff was also required to photo-copy testing materials, gather and organize testing materials, and attend various training webinars that related directly to testing session procedures.

44. After scoring the tests, Plaintiff entered the results into a computer program.

45. The program would perform calculations using the data received from Plaintiff's various testing sessions.

46. Plaintiff did not create the computer program.

47. Plaintiff was not able to modify the computer program in any way.

48. Based on the numerical calculation provided by the computer, Plaintiff drafted a recommendation to Defendant Danielak, which was then memorialized in a written report.

49. The report included a summary of the testing procedure and results generated by the computer program.

50. Plaintiff then presented each report to Defendant Danielak.

51. Attached to each report presented to Defendant Danielak were copies of the tests, scores, data, and the computer generated assessments.

52. Upon information and belief, Defendant Danielak based her diagnoses on the data, rather than Plaintiff's summaries.

53. Upon information and belief, Defendant Danielak on at least one occasion disregarded Plaintiff's report entirely and diagnosed patients in a manner unsupported by the reports.

54. Plaintiff's work did not call for the regular exercise of discretion or independent judgment.

55. Plaintiff lacked the authority to formulate, affect, or interpret management policies.

56. Plaintiff lacked the authority to bind Defendants in contracts with third parties.

57. Plaintiff did not have authority to hire another person to perform her duties.

58. Defendant Danielak frequently monitored Plaintiff via e-mail, and repeatedly sent text message throughout her employment, often requesting information related to testing sessions and the reports.

59. At all times relevant, Plaintiff was required to respond to texts and email messages from Defendant Danielak and throughout the work-week and weekend.

60. Plaintiff simply followed orders and her duties were largely clerical.

61.  The duties Plaintiff undertook were all performed at Defendant Danielak's behest and for the benefit of the Defendant.

62.  Plaintiff performed her duties in the ordinary course of business.

63.  Plaintiff performed services that, in her absence, would have been performed by permanent staff members.

64.  In fact, another employee performed substantially the same tasks as Plaintiff, but was not a Psy.D. degree holder.

65.  Plaintiff worked in excess of forty (40) hours per work-week.

66.  Upon information and belief, Defendant Danielak failed to make, keep, and preserve accurate records of Plaintiff's wages and hours worked.

67.  Upon information and belief, Defendant Danielak failed to record and maintain accurate records of the regular hourly rate of pay for any workweek in which overtime compensation was due.

68.  Defendant Danielak failed to compensate Plaintiff for preparatory and concluding activities that were closely related to any principal activity.

69.  Defendant Danielak failed to pay Plaintiff minimum wage for all hours worked.

70.  Defendant Danielak failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

## COUNT ONE: DEFENDANTS' WILLFUL VIOLATION OF THE FLSA'S MINIMUM WAGE REQUIREMENT

71. Plaintiff began her employment with Defendants on November 2, 2011.

72. Plaintiff was constructively discharged from her employment with Defendants on February 12, 2012.

73. The duration of Plaintiff's employment with Defendants was approximately 14 weeks.

74. Plaintiff was paid wages at a rate of less than $7.25 per hour.

75. The minimum wage provisions of the FLSA apply to Defendants.

76. Defendant violated the FLSA by failing to pay the minimum wage to Plaintiff for all hours worked and to which she was entitled.

77. Defendants violations of the FLSA's overtime provision, 29 U.S.C. § 207(a) were willful.

78. Defendants failed to maintain accurate time records.

79. Defendants failed to compensate Plaintiff for all time worked.

80. In fact, Defendants entered into a flat fee agreement in an effort to avoid wage payments.

81. Defendants led Plaintiff to believe that Defendant's policies conformed with the FLSA and the laws of the State of Georgia.

82. Defendants stated that Plaintiff's hours worked would not count towards her licensure, though they should have been in accord with their written agreement.

83. Defendants responded to Plaintiff's request for payment with abusive and disparaging remarks.

84. Defendants are jointly and severely liable to Plaintiff for her damages under the FLSA.

85. Plaintiff seeks damages in an amount of Plaintiff's unpaid wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

86. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA.

## COUNT TWO: DEFENDANTS' WILLFUL VIOLATION OF THE FLSA'S OVERTIME REQUIREMENT

87. Plaintiff began her employment with Defendants on November 2, 2011.

88. Plaintiff was constructively discharged from her employment with Defendants on February 12, 2012.

89. The duration of Plaintiff's employment with Defendants was approximately 14 weeks.

90. Plaintiff regularly worked in excess of forty (40) hours per week.

91. Defendants failed to pay Plaintiff overtime wages for all hours and part hours worked in excess of forty (40) hours per week.

92. The overtime provisions of the FLSA apply to Defendants and protect Plaintiff.

93. Defendants willfully violated the FLSA by failing to pay the overtime wages to Plaintiff for all hours worked.

94. Defendants failed to maintain accurate time records.

95. Defendants led Plaintiff to believe that Defendant's policies conformed with FLSA and the laws of the State of Georgia.

96. Defendants responded to Plaintiff's request for payment with abusive and disparaging remarks associated with Plaintiff's Multiple Sclerosis disability.

97. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendants: (1) failed to maintain accurate time records; (2) failed to compensate Plaintiff for all time worked; (3) led Plaintiff to believe that Defendants' policies conformed with FLSA and the laws of the State of Georgia; and (4) responded to Plaintiff's request for payment with abusive and disparaging remarks.

98. Defendants are jointly and severally liable, for damages in an amount equal to Plaintiff's unpaid overtime wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

99. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA.

## COUNT THREE: DEFENDANTS' RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN ACTIVITY PROTECTED BY THE FLSA

100. Plaintiff engaged in statutorily protected conduct under Section 15(a)(3) of the FLSA.

101. Notwithstanding unpaid wages, Defendants did not pay the flat fee as agreed.

102. Plaintiff wrote Defendant Danielak on various occasions, stating that she was owed compensation.

103. For example, in an e-mail dated February 28, 2012, Plaintiff requested that she be paid for all hours worked.

104. Plaintiff's demand for unpaid wages constituted protected activity under Section 15(a)(3).

105. Plaintiff suffered adverse employment actions because she engaged in statutorily protected activity.

106. In response to Plaintiff's demands for payment, Defendants stated that she would not give Plaintiff a positive recommendation.

107. In response to Plaintiff's demands, Defendants refused to pay Plaintiff the amount of money specified in Plaintiff's Agreement with Defendant.

108. In response to Plaintiff's demands, Defendants stated that she would not approve the hours Plaintiff had worked as hours that could be credited to Plaintiff's licensing requirements.

109. In response to Plaintiff's demands, Defendants made offensive and disparaging remarks.

110. A true and correct copy of the one (1) page e-mail dated March 13, 2011, is attached hereto as Exhibit C.

111. There is a casual link between Plaintiff's protected expressions and the adverse employment actions alleged in Paragraphs 22 through 68.

112. Defendants retaliated against Plaintiff in violation of the FLSA.

113. Plaintiff seeks to hold Defendants jointly and severally liable for any and all damages associated with Defendants' retaliatory conduct, which are defined by 29 U.S.C. § 216(b) as "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, *including without*

*limitation* employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id*. (emphasis added).

114.   Plaintiff seeks to include punitive damages to effectuate the purposes of the FLSA's anti-retaliation provisions.

115.   Plaintiff further seeks recovery of attorneys' fees and costs to be paid by Defendant as provided for by the FLSA.

### COUNT FOUR: DEFENDANT CORPORATION'S BREACH OF CONTRACT

116.   Plaintiff had a written agreement with Defendant Corporation to perform services as an at-will employee in exchange for payment of fees.

117.   Under the agreements terms, Plaintiff was to be paid $300 per every two psycho-educational testing sessions and written report, as set forth in Paragraph 29.

118.   Plaintiff performed services for Defendant Corporation in accord with agreement's terms.

119.   Defendant Corporation reneged on its promise to pay Plaintiff, thereby breaching the parties' contractual agreement.

120.   As a result of Defendant Corporation's breach of the contractual agreement, Plaintiff has suffered damages in an amount equal to her unpaid fees.

121. Defendant Corporation by e-mail dated March 26, 2012, acknowledged that Plaintiff was owed money.

122. Defendant Corporation in its e-mail dated March 26, 2012, agreed to pay Plaintiff for hours worked by March 30, 2012.

123. A true and correct copy of the one (1) page e-mail dated March 26, 2012, is attached hereto as Exhibit B.

124. Defendant Corporation's offer of payment did not fully compensate Plaintiff for work associated with drafting the reports and hours Plaintiff worked performing research and general clerical work.

125. Defendant Corporation's decision not to pay Plaintiff fully for all wages earned was for arbitrary and capricious reasons, was based on an improper pecuniary motive, and/or was predicated on dishonestly or illegality.

126. Accordingly, Defendant Corporation's breach was in bad faith and was a breach of Defendant's implied duty of good faith and fair dealing.

## COUNT FIVE: DEFENDANT CORPORATION'S BAD FAITH

127. Defendant Corporation's decision not to pay Plaintiff all wages owed and earned was for arbitrary and capricious reasons, was based on an improper pecuniary motive, and/or was predicated on dishonesty or illegality.

128. Defendant Corporation's breach, accordingly, was in bad faith and was a breach of Defendant's implied duty of good faith and fair dealing.

129. Plaintiff is therefore entitled to recover an amount equal to her unpaid wages, plus interest, punitive damages, and her attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adhal respectfully prays that:

a. As to all Counts, the Court enter judgment in favor of Plaintiff;

b. As to Counts One and Two, the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. As to Counts One and Two, the Court award Plaintiff all unpaid back wages as provided for under the FLSA;

d. As to Counts One and Two, the Court award Plaintiff liquidated damages in an amount equal to the amount of her unpaid wages, as provided for under the FLSA;

e. As to Count Three, the Court award Plaintiff any and all available legal and equitable relief, including employment, reinstatement, promotion, unpaid wages, and an additional equal amount as liquidated damages, as specifically provided for under Section 216(b) of the FLSA;

f. As to Count Three, the Court award Plaintiff punitive damages as may be permitted under Section 216(b) of the FLSA;

g. As to Counts One through Three, the Court award Plaintiff reasonable costs and attorneys' fees as provided for under the FLSA;

h. As to Count Four, the Court award Plaintiff expectation damages as provided for under Georgia law;

i. As to Count Five, the Court award expenses of litigation as provided for by O.C.G.A. § 13-6-11;

j. As to all Counts, the Court determine all triable issues at trial; and

As to all Counts, the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

**RESPECTFULLY SUBMITTED** on April 10, 2012

|  |  |
|---|---|
| **MAYS & KERR LLC** | /s/ Jeff Kerr |
| 229 Peachtree Street NW | Jeff Kerr |
| International Tower \| Suite 980 | Ga. Bar No. 634260 |
| Atlanta, GA 30303 | jeff@maysandkerr.com |
| Telephone: (404) 410-7998 | |
| Facsimile: (877) 813-1845 | John L. Mays |
| Attorneys for Plaintiff | Ga. Bar No. 986574 |
|  | john@maysandkerr.com |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint for Damages has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 10th day of April, 2012

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Jeff Kerr |
| 260 Peachtree Street NW | Jeff Kerr |
| Suite 2200 | Ga. Bar No. 634260 |
| Atlanta, GA 30303 | jeff@maysandkerr.com |
| Telephone:  (404) 527-6231 | |
| Facsimile:   (877) 813-1845 | John L. Mays |
| Attorneys for Plaintiff | Ga. Bar No. 986574 |
| | john@maysandkerr.com |